E-FILED
Thursday, 06 September, 2012  04:10:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| TERRANCE COFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 12-2134 |
| REVEREND R.L. HAYS and | ) |
| NEW LIFE APOSTOLIC CHURCH, | ) |
| | ) |
| Defendants. | ) |

# REPORT & RECOMMENDATION

In April 2012, Plaintiff Terrance Coffey filed a Complaint in state court in Coles County, Illinois, against Defendants Reverend R.L. Hays and New Life Apostolic Church (hereinafter "the Church"), alleging that Hays exceeded his authority as temporary pastor when he, without approval from the Church's members or trustees, excommunicated Plaintiff and others from the Church, destroyed the Church's membership book, and forbid Plaintiff and others from entering the Church's premises. Plaintiff requests that he be reinstated with the Church and seeks a declaratory judgment that Hays' acts are void because he acted without approval of the majority of the church.

On May 15, 2012, Defendants removed the action to this Court, alleging federal question jurisdiction. Defendants maintain, "There are Federal and Constitutional law issue [sic] to be decided in this cases [sic] and which dominate this case namely freedom of religion under the U.S. Constitution and Amendments thereto." (#1, p. 1.) Also, on May 15, 2012, Defendants filed their Motion to Dismiss as to Both Defendants (#2), arguing that this Court, and all others, lack jurisdiction over ecclesiastical matters and that any relief granted to Plaintiff by this Court

would violate the right to free exercise of religion guaranteed by First Amendment. Plaintiff did not respond to Defendants' Motion to Dismiss.

On June 7, 2012, Plaintiff filed a Motion for Remand (#4), asserting that this Court lacks subject matter jurisdiction because Plaintiff's claim does not raise a federal question. Plaintiff argues that his claim does not involve the First Amendment or otherwise arise under the U.S. Constitution or federal law. Defendants did not respond to Plaintiff's Motion for Remand. Pursuant to Local Rule 7.1(B)(2), if a party fails to file a timely response in opposition to a motion, "the presiding judge will presume there is no opposition on the motion and may rule without further notice to the parties." CDIL-LR 7.1(B)(2).

After carefully reviewing Plaintiff's Complaint, the Court concludes that, although it is not entirely clear what claim, precisely, Plaintiff has stated, Plaintiff's claim does not raise a federal question. Defendants' failure to oppose Plaintiff's Motion for Remand supports this conclusion. The Court also notes that, although Defendants' defense to Plaintiff's claim may very well be based on the First Amendment, federal jurisdiction rises and falls with the plaintiff's complaint, not the defendants' defense. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Because this Court lacks subject matter jurisdiction, this case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

Therefore, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Remand **(#4)** be **GRANTED**. The Court further recommends that Defendants' Motion for Dismissal as to Both Defendants **(#2)** be **DENIED AS MOOT.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of September, 2012.

                                                      s/DAVID G. BERNTHAL  
                                         UNITED STATES MAGISTRATE JUDGE